and now the Chief Justice stated the question, and delivered the opinion of the Court, in the following manner:
M'Kean, Chief Justice.
In this case the Executors of Zane had issued a Fieri facias against Joseph Wharton, to which the present Sheriff made return, that he had levied to the value of the Plaintiff’s demand, on specific goods, enumerated in a certain schedule. In consequence of this return, a Distringas, directed to the Coroner *313 was issued against the Sheriff, to compel a sale of the goods; and the question that now awaits the determination of the Court, is, whether a Distringas, under these circumstances, will lie?
The case has been well argued; but we are surprized that so few authorities are to be found upon the subject. In searching the books of Precedents, indeed, we have remarked, that the Distringas uniformly runs against A. B. nuper vice-comes; though with this distinction, that, in some instances, it commands him to be distrained ’till he pays the money into Court, and, in others, ’till the late Sheriff has paid it over to the present Sheriff. In 6 Mod. 295, Lord C. J. Holt says, that after the Sheriff has made his return, “levied on specific goods,” the regular mode of proceeding is to issue a Venditioni Exponas; that where he has returned “ levied to the value,” he is bound to sell without further process; and that it is usual to issue a Vend. Exp. when the Sheriff continues in office, but a Distringas when he has left it. In the close of the same case, however, it is likewise Holt's opinion, that a Distringas to the Coroner will lie, even while the Sheriff, who made the return, is in office. This we mention for the sake of the practice; for, it is certain, that by the Fi. fa. the Sheriff has authority to sell the goods upon which he has levied; the Venditioni only giving, by act of Assembly, an additional authority in the case of Lands.
But we have enquired into the practice of the Courts upon this occasion; and, we find, that it has been the practice of the Common Pleas, and, in several instances, of the Supreme Court, to issue a Distringas to the Coroner, where the Sheriff has made a return of goods levied to the value: We are, therefore, of opinion that, in such a case, a Distringas will lie.
A second point, however, was made in this cause. It appears that a Replevin for the goods in question, had issued to the Coroner, and, that by virtue of that writ, he had taken them out of the possession of the Sheriff; so that the Sheriff was unable either to produce them, or to proceed to a sale.
The Replevin was highly irregular; an action of Trespass being the proper remedy for a wrongful levy; for, by an act of Assembly, it is expressly declared, that goods taken in execution shall not be replevied. 2 State Laws 194.
We think, therefore, that as the Replevin would have been set aside upon motion in the Common Pleas; and as the goods were taken from the Sheriff under colour of law, it would be hard to issue a Distringas against him, without a previous application to the Court, and its being thereupon awarded. For this reason alone
Let the Distringas be quashed.